UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil Case No.: 22-cv-2551

_____

Paul Michaud,

       Plaintiff,

v.

Goldman Sachs & Co. LLC d/b/a
Goldman Sachs Bank USA,

       Defendant.

**COMPLAINT WITH JURY TRIAL DEMANDED**

_____

## INTRODUCTION

1. Plaintiff Paul Michaud ("Michaud") pleads the following claims based on violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* and violations of Minnesota Common Law, by Goldman Sachs & Co. LLC d/b/a Goldman Sachs Bank USA ("Marcus").

2. Marcus harassed Michaud by repeatedly calling his cell phone using a robodialer, an act strictly prohibited by state and federal law.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each telephone call in violation of the TCPA.

4. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

5. Venue is proper in the United States District Court for the District of Minnesota

pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in the State of Minnesota, and a substantial part of the events giving rise to the claim occurred in this jurisdiction.

## PARTIES

6. Plaintiff Michaud is, and at all times mentioned herein was, a resident of Hennepin County, State of Minnesota. He is, and at all times mentioned herein a "person" as defined by 47 U.S.C. § 153 (39).

7. Defendant Marcus is a foreign corporation incorporated under the laws of the state of New York; is authorized to do business in the state of Minnesota; and has a principal executive office located at 200 West Street, New York, NY 10282, and has a registered agent for service of CT Corporation Systems, 1010 Dale Street N, St. Paul, MN 55117. Marcus and is a "person" as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Marcus has conducted business in the state of Minnesota and within this judicial district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §§ 227 *et seq.*

8. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automated telephone

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq*

equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with the authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

11. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

12. A text message is a call under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

In the 9th Circuit case of *Marks v Crunch San Diego, LLC* the Court held:

> The U.S. Court of Appeals for the Ninth Circuit rejects the argument that a device cannot qualify as an automatic telephone dialing system unless it is fully automatic, meaning that it must operate without any human intervention whatsoever. By referring to the relevant device as an "automatic telephone dialing system," Congress made clear that it was targeting equipment that could engage in automatic dialing, rather than equipment that operated without any human oversight or control. 47 U.S.C.S. § 227(a)(1).

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

*Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *1 (9th Cir. 2018).

13. As more Americans began carrying cellular telephones in the 1990s, Congress sought to limit the potential for constant harassment posed by telemarketers and "automatic telephone dialing systems"— commonly called "robodialers."

14. The TCPA was enacted to this end. Among other abusive actions, the TCPA prohibits anyone from calling a cell phone using a robodialer, robocall, an automated voice, or a pre-recorded message.

15. Despite the protections afforded by the TCPA, industry practices remain relatively unchanged. Robo dialing continues to increase dramatically year-over-year, and robodialing is estimated to now comprise *half* of all cell phone calls in the United States. *See* Brian Fung, "Report: Americans got 26.3 billion robocalls last year, up 46 percent from 2017." Wall Street Journal, January 29, 2019.

## FACTS

16. Marcus routinely called Michaud on his cell phone attempting to collect on an account that Plaintiff had gone into default.

17. Marcus placed these calls to Michaud using a robodialer, an artificial voice, or both.

18. When answering these robocalls, Michaud immediately heard either a recorded, automated voice or a long pause of dead air. This pause indicates Marcus's robocalling

Michaud, and then connecting to a live operator at Marcus within a few seconds of answering.

19. These factors, paired with the frequency of the calls, strongly suggest that Marcus was calling Michaud's cell phone using a robodialer.

20. Marcus did not have Michaud's consent to use these electronic means to call his cell phone.

21. Michaud also explicitly revoked any consent to be called on his cell phone by an initial letter that was sent to Marcus on November 6, 2020.

22. Despite this explicit revocation, Marcus continued to robocall Michaud's cell phone.

23. Following his revocation, Marcus placed robocalls to Michaud on at least (but not limited to) forty-one (41) subsequent occasions.

24. Upon information and belief, Marcus transmitted artificial or prerecorded voice messages using an "automatic dialing system," as defined by 47 U.S.C. § 227(a)(1) and without Michaud's consent.

25. Marcus proceeded to leave Michaud at least forty-one of the same, unsolicited pre-recorded voicemails.

26. On each occasion, the same voicemail message was left and forwarded to Plaintiff's cellular telephone:

> *This is Marcus by Goldman-Sachs. Please return this important message to 1-844-MARCUS7. We are open Monday through Friday, 8 a.m. to 10 p.m. and Saturday and Sunday, 9 a.m. to 7 p.m. Eastern.*

27. On each occasion, Marcus transmitted the above referenced artificial or prerecorded

voice message without Plaintiff's consent, in violation of 47 U.S.C. § 227(b)(1).

28. Michaud then proceeded to revoke any consent for electronic communications by Marcus in his claims letter sent on March 22, 2021.

29. Marcus failed to update Michaud with a claim number pursuant to the Installment Loan Agreement.

30. Overall, Marcus disregarded Michaud's explicit revocation of consent and willfully continued to contact Michaud with impunity using a prohibited automatic telephone dialing system.

## JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## CAUSES OF ACTION

### COUNT I: TELEPHONE CONSUMER PROTECTION ACT

32. Michaud incorporates all other allegations as if set forth herein in full.

33. The TCPA bans using robodialers and artificial voices to call cell phones absent the consumer's explicit consent:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1).

34. Marcus violated 47 U.S.C. § 227(b)(1) by knowingly calling Michaud at least 41 occasions, which included pre-recorded voicemails, on his cell phone using an automatic dialing system without Michaud's consent.

35. Marcus also ignored Michaud's explicit revocation of consent.

36. Marcus thus willfully and knowingly violated § 227(b)(1).

37. Michaud was stressed and harassed by the frequency of Marcus' calls to his cell phone, and by his inability to stop these calls, as is his right by statute.

38. The TCPA provides the following remedy for its violation:

> "A person or entity may, if otherwise permitted by the law or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection . . . to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

39. Michaud is entitled to actual damages in an amount to be determined at trial or statutory damages of $1,500 per each of Marcus' telephone calls (approx. 41 calls, which included pre-recorded voicemails) violating the TCPA, whichever is greater, under 47 U.S.C. § 227(b)(3).

## COUNT II: INVASION OF PRIVACY

40. Michaud incorporates all other allegations as if set forth herein in full.

41. Marcus intentionally intruded upon Michaud's solitude, seclusion, and private concerns and affairs throughout its collection mission whereby it placed approximately

41 calls, which included pre-recorded voicemails, to Michaud's telephone despite receiving his explicit instruction to cease all calls.

42. Marcus' intrusion was substantial, highly offensive to Michaud, and would be highly offensive and objectionable to any reasonable person in Michaud's position.

43. Michaud had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

44. As a result of Marcus' intrusion, Michaud has suffered emotional distress, out-of-pocket loss, and is entitled to an award of actual damages in an amount to be determined at trial.

## RELIEF REQUESTED

Michaud requests an Order for the following relief:

- Judgment in favor of Michaud and against Marcus for actual damages, or for statutory damages of $1,500 per telephone calls violating the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3).
- Interest accruing from commencement of this action at 4% for awards up to $50,000.00, or at 10% for awards over $50,000.00, under Minn. Stat. § 549.09.
- for an award of actual and punitive damages caused by Marcus' illegal intrusion upon Michaud's seclusion.
- All other relief the Court deems just and equitable.

Dated this 13th day of October 2022.

Respectfully Submitted,

By: *s/Thomas J. Lyons Jr.*

Thomas J. Lyons Jr., Esq.
CONSUMER JUSTICE CENTER P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651)704-0907
Email: tommy@consumerjusticecenter.com

*ATTORNEY FOR PLAINTIFF*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Paul Michaud, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 13th day of October 2022.

                                                    s/Paul Michaud
                                                  Paul Michaud